Matthias, J.
The issue in this cause is whether an organization formed as a corporation for profit under Ohio law but which operates a private country club necessarily is engaged in business so that its personal property is “used in business” within the meaning of that phrase as used in Section 5709.01, Revised Code.
Section 5709.01, Revised Code, reads in part: ■
“All personal property located and used in business in this state * * * [is] subject to taxation, regardless of the residence of the owner thereof. ’ ’
Section 5701.08, Revised Code, defines the term, “business,” in the following manner:
“As used in Title LVII of the Revised Code:
it * * #
“(B) ‘Business.’ includes all enterprises conducted for gain, profit, or income and extends to personal service occupations.”
These statutes indicate that for personal property to be taxable it must be “used in business.” The commissioner contends that the club is engaged in business because of the fact that it is organized under Ohio law as a corporation for profit. In the case of American Jersey Cattle Club v. Glander, Taco Commr., 152 Ohio St., 506, 510, Taft, J., stated that “the fact, that a corporation is one not for profit, does not mean that its enterprises may not be conducted for gain, profit or net income. ”
Conversely it is possible that a corporation organized as a *118 corporation for profit may not in fact be conducted for profit. See American Issue Publishing Co. v. Evatt, Taco Commr., 137 Ohio St., 264.
Therefore, the fact that the club in the present case was organized as a corporation for profit is not conclusive as to whether it is “conducted for gain, profit, or income.”
The Board of Tax Appeals determined as a matter of fact that the club is not operated for purposes of gain, profit or income to the members of the club or the corporation. An examination of the record reveals that this determination is well founded. Here the club is conducted for purposes other than gain, namely, for social and recreational purposes. Since it is the conduct of the organization, not its form, which determines taxability in this cause, and, since the club is not conducted for gain, profit or income, it follows that the personal property of the club is not “used in business” under Section 5709.01, Revised Code, and is not taxable thereunder.
The personal property of an organization formed as a corporation for profit under Ohio law, which operates a private country club conducted for social and recreational purposes solely for the benefit of its members and not conducted for purposes of gain, profit or income, is not taxable under Section 5709.01, Revised Code.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Zimmerman, Taft, O’Neill and Griffith, JJ., concur.